977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Walter Jay THOMAS, Plaintiff-Appellant,
v.
O. Lane McCOTTER, individually and as the Director of the
Department of Corrections, Operations at the Utah State
Prison; Dale Wright, individually and as a Lieutenant at
the Utah State Prison; Billie Casper, individually and as
the Grievance Coordinator at the Utah State Prison; Larry
Bussio, individually and as a Correctional Supervisor at the
Utah State Prison; Jay Leslie, individually and as a
Captain at the Utah State Prison; Scott Carver,
individually and as the Deputy Warden at the Utah State
Prison; Rex Talbot, individually and as a Lieutenant at the
Utah State Prison; Andy Hunt, individually and as a
Caseworker at the Utah State Prison, Defendants-Appellees.
 No. 92-4094.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Walter Jay Thomas (Thomas), an inmate at the Utah State Prison, appeals from the district court's order dismissing his 42 U.S.C. § 1983 civil rights action against certain named officials and employees of the Utah State Prison wherein Thomas alleged that the defendants were deliberately indifferent to his Eighth Amendment rights to be free from cruel and unusual punishment. His complaint alleged that he (Thomas) had warned defendants Turley and Bussio that he was contemplating harm to himself if he was not moved from the "punitive isolation" section "because he was told when to come out of his room, when to shower, and threatened by another inmate for not giving the inmate his extra mattress that the plaintiff had for seizures." (R., Vol. I, Tab 2, p. 5).
 
 
 3
 The matter was referred to the United States Magistrate Judge who entered his Report and Recommendation on April 27, 1992. The district court entered an Order on June 2, 1992, adopting the Magistrate Judge's Report and Recommendation as "correct in every material respect." (R., Vol. I, Tab 10, p. 1).
 
 
 4
 On appeal, Thomas contends that he forced harm upon himself in order to get action because his life was in danger from other inmates, and that he was unlawfully placed in a strip cell after he intentionally injured himself.
 
 
 5
 The latter contention relative to Thomas' placement in a strip cell was not raised or presented in the district court and will not be considered for the first time on appeal. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989).
 
 
 6
 We have reviewed the entire record. We hold that the district court did not abuse its discretion in dismissing Thomas' complaint. See Yellen v. Cooper, 828 F.2d 1471 (10th Cir.1987). Plaintiff has failed to allege facts constituting a denial of his Eighth Amendment rights to be free from cruel and unusual punishment. A plaintiff must allege sufficient facts on which a recognized legal claim can be based. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). In a 42 U.S.C. § 1983 action against prison officials alleging Eighth Amendment violations by virtue of threats by a fellow inmate, a plaintiff must set forth facts demonstrating that the risk of assault is serious and that the prison officials were deliberately indifferent to the threat. Williams v. Bennett, 689 F.2d 1370 (11th Cir.1982), cert. denied, 464 U.S. 932 (1983); Gullatte v. Potts, 654 F.2d 1007 (5th Cir.1981). No such facts were alleged by Thomas.
 
 
 7
 We AFFIRM for substantially the reasons set forth in the Magistrate Judge's "Report and Recommendation" of April 27, 1992, a copy of which is attached hereto.
 
 ATTACHMENT
 
 8
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION
 
 
 9
 Walter Jay Thomas, Plaintiff,
 
 
 10
 v.
 
 
 11
 O. Lane McCotter, et al., Defendants.
 
 Case No. 92-C-205 S
 
 12
 April 27, 1992.
 
 REPORT & RECOMMENDATION
 
 13
 Walter Jay Thomas, an inmate at the Utah State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983, alleging that the nine named prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect Thomas from himself and other inmates by not moving him to another section of the prison.
 
 
 14
 The magistrate judge granted Thomas' application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). This case has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). Order of Reference (3/12/92). The issue now before the court are whether to dismiss the action under 28 U.S.C. § 1915(d), or to direct the marshal to serve process on the defendants pursuant to § 1915(c). This report and recommendation is submitted pursuant to the order of reference in this case.
 
 Standards for Dismissal under § 1915(d)
 
 15
 Under 28 U.S.C. § 1915(d), the court may dismiss a complaint filed in forma pauperis "if satisfied that the action is frivolous or malicious." To spare prospective defendants the inconvenience and expense of answering a frivolous or malicious complaint, the court may dismiss the complaint sua sponte. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint filed in forma pauperis which fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) is not necessarily frivolous within the meaning of 28 U.S.C. § 1915(d). Neitzke, 109 S.Ct. 1827. § 1915(d) authorizes dismissal of claims if there is no arguable basis for relief. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). A complaint that lacks an arguable basis for relief in law or in fact is frivolous. Neitzke v. Williams, 109 S.Ct. at 1831.
 
 
 16
 A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read the pleadings to state a valid claim for relief, it should do so; however, it is not the proper function of the district court to assume the role of advocate for the pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)
 
 The Complaint
 
 17
 The gist of this complaint is that Thomas is not happy with his housing assignment. Apparently, it all started when Thomas and fellow inmate Aaron Barney filed a grievance because a prison guard denied them dessert when they were in punitive isolation. Afterwards, prison officials changed the way prisoners in punitive isolation and TRO were fed. Everything was fine until supervisor Duckworth (who is not named in the complaint) told other inmates that the change was made due to Thomas' grievance.
 
 
 18
 On August 2, 1991, Thomas and fellow inmate Max Wilson requested removal from the section. On August 4, 1992, Thomas met with S. Turley, the housing director, and Larry Bussio, a correctional supervisor about Thomas' threats to harm himself. Thomas wanted to be moved because he did not like being told when to come out of his room and when to shower, and because another inmate had threatened him for not giving him his extra mattress. Turley and Bussio told Thomas that the decision to move him was up to Mike Wright, then Turley told Thomas that Mike Wright had to speak to Dale Wright.
 
 
 19
 Thomas says he became depressed when nothing had happened (one day later) and cut his arm in order to be moved out of the section. He felt that the only way he would be moved was to act up so as to receive a disciplinary write-up.
 
 
 20
 On August 15, 1991, Thomas met with four prison officials and explained why he had cut his arm and why he wanted to be moved. In September, 1991, Thomas tried several times to speak to Mike Wright, but Wright would not respond to Thomas' notes. On September 11, 1991, Thomas spoke with Frank Rees, a psychologist, Dale Schibaanboord, Rehabilitation Service Director, and Andy Hunt, a caseworker. No one inquired why Thomas cut his arm or why he was threatening to harm himself.
 
 
 21
 Thomas alleges that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to move the plaintiff "after he was threatened harm when correctional supervisors retaliated against plaintiff by telling other inmates that he had filed a grievance and when defendants failed to look into the matter of why plaintiff had cut himself."
 
 
 22
 Thomas seeks compensatory and punitive damages, but no injunctive relief.
 
 Discussion
 
 23
 The Eighth Amendment imposes a constitutional duty on prison officials to protect an inmate from the violence of fellow inmates. Berry v. City of Muskogee, 900 F.2d 1489 (10th Cir.1990) (Inmate murdered by fellow inmates); Harris by and through Harris v. Maynard, 843 F.2d 414 (10th Cir.1988) (same). Nonetheless, § 1915(d) gives the court the power to pierce the veil of the complaint's factual allegations. Neitzke, 490 U.S. at 327.
 
 
 24
 The facts do not support a showing of indifference to Thomas' safety or that Thomas is in danger from fellow inmates. Apparently, the only person threatening to harm Thomas was Thomas himself, and Thomas readily admits that his threats, and his act of cutting his own arm, were part of a ploy to get himself out of punitive isolation. Nor does it appear, under any circumstances, that Thomas posed a serious threat to himself. A claim of cruel and unusual punishment cannot be fabricated out of a prisoner's own manipulative tactics.
 
 Recommendation
 
 25
 The magistrate judge concludes that Thomas' claim of cruel and unusual punishment has no factual basis whatever, and that the complaint should be dismissed as frivolous.
 
 
 26
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within 10 days from the receipt hereof.
 
 Ronald Boyce
 Ronald N. Boyce
 United States Magistrate Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3